■ JEANNE RYAN, Respondent, v JOSEPH J. RYAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) from so much of an order of the Supreme Court, Suffolk County (Hurley, J.), dated June 30, 1988, as granted that branch of the plaintiff wife's motion which was for modification of the transportation schedule for the parties' two children, to provide that he was to drive the children to the wife's residence after their weekend visitation with him, (2) from so much of an order of the same court

dated August 11, 1988, as denied that branch of his motion which was to change the physical residence of the children from the wife's residence to his residence pending the final custody hearing and determination, and (3), as limited by his brief, from so much of an order of the same court dated February 27, 1989, as, upon reargument, adhered to the prior determinations.

Ordered that the appeals from the orders dated June 30, 1988, and August 11, 1988, are dismissed, as those orders were superseded by the order dated February 27, 1989, made upon reargument; and it is further,

Ordered that the order dated February 27, 1989, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant husband's contention, there was no agreement or court order precluding the plaintiff wife, who had physical custody of the parties' children, from relocating from Orange County to Suffolk County to accept advantageous employment. There was no evidence that the move was to interfere with the husband's visitation. Therefore, the wife's relocation does not provide a basis for her to bear the sole responsibility for the transportation of the children for the father's alternate weekend visitation, as set forth in the Supreme Court's August 19, 1987 order, which involves eight hours of driving on Friday and eight hours of driving on Sunday. In light of the wife's undisputed claim concerning the exhausting nature of the driving schedule, the Supreme Court did not improvidently exercise its discretion by modifying its August 19, 1987 order to provide that the husband was to drive the children to the wife's residence after their weekend visitation with him. This modification does not effectively interfere with the husband's visitation with the children.

Moreover, we find no basis to disturb the Supreme Court's determination that the children should reside with the wife pending the final custody hearing and determination. Thompson, J. P., Brown, Lawrence and Balletta, JJ., concur.